Plaintiffs:PRO-PER
Christine Jones
Mark Jones
333 N. McDowell 242A
Petaluma  CA 94954
(707)765-1810

# E-filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
( San Francisco Division )

Christine Jones, Mark  Jones
               Plaintiffs

# CV 07     6146
## WDB

     V.

California Department of Corrections,  Kenneth Clark,(Warden)
CDC  I.S.U. Officers, Couch and Two Unknown I.S.P.
Officers
             Defendants

Comes now these two plaintiffs. Respectfully filing this action at 42 U.S.C.

Section 1983.  Alleging violations of their Civil Rights, guaranteed under

the United States Constitution.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Christine Jones, Mark Jones
plaintiffs

V.

California Department of Corrections, Kenneth Clark (Warden)
CDC I.S.U. Officer Couch and Two unknown I.S.U. Officers
defendants

Plaintiff state that jurisdiction of this court is a 28 U.S.C. Section 1331 as the

damages sought exceed $25,000 dollars and it involves the courts review of

alleged Constitution violations and a deprivation of plaintiff's Civil Rights.

All Defendants are being sued in their Official capacity.

Plaintiffs demand trial by Jury on all
disputed facts.

Venue is appropriate in this court because
defendant reside in this district, and the
acts and omissions giving rise to this lawsuit
occurred in this district.

Dated: 11/29/07
Signed: Chri Jones

2

TITLE 42 U.S.C. SECTION 1983 STATES:

Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statue of the District of Columbia.

Section 1983 was enacted on April 20, 1871 as part of the Civil Rights Act of 1871, and is also known as the "Ku Klux Klan Act" because one of its primary purposes was to provide a civil remedy against the abuses that were being committed in the southern states, especially by the Ku Klux Klan. While the existing law protected all citizens in theory, its protection in practice was unavailable to some because those persons charged with the enforcement of the laws were unable or unwilling to do so.

The Act was intended to provide a private remedy for such violations of federal law, and has subsequently been interpreted to create a species of tort liability.

## ELEMENTS OF A SECTION 1983 CLAIM

**(i)**      "Every person. . ."

Only "persons" under the statute are subject to liability.

(ii)      ". . . who under color of [state law] . . ."

The traditional definition of action under the color of stat law requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law," and such actions may result in liability even if the defendant abuses the position given to him by the state.

A private actor may also act under color of state law under certain circumstances. For example, it has been held that a physician who contracts with the state to provide medical care to inmates acts under the color of state law.

For all practical purposes, the "color of state law" requirement is identical to the "state action" prerequisite to constitutional liability.

**(iii)**

". . . subjects or caused to be subjected . . . "

Section 1983 does not impose a state of mind requirement independent of underlying basis for liability, but there must be a causal connection between the defendant's actions and the harm that results.   In order to hold a local government liable under section 1983, the Supreme Court has interpreted this causation element to require that the harm be the result of action on the part of the government entity that implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or result of the entity's custom.   Further the entity's policy or custom must have been the "moving force" behind the alleged deprivation.

 A local government is said to have an unconstitutional policy when it fails to train or supervise its employees, and the failure to train amounts to deliberate indifference to to an obvious need for such training and/or supervision, and failure to train or supervise its employees will likely result in the employee making a wrong decision.

 An unconstitutional policy may also exist if an isolated action of a government employee is dictated by a "final policymaker," or if the authorized policymaker approves a subordinate's decision and the basis for it.   However, a supervisor can only be liable in his individual capacity if he directly participates in causing the harm.

**(iv)**

" . . . [any person to] the deprivation of rights . . . "

Section 1983 is not itself a source of substantive rights, it merely provides a method for the vindication of rights elsewhere conferred in the United States Constitution and Laws.

Therefore, a plaintiff may prevail only if he can demonstrate that he was \deprived of rights secured by the United States Constitution or Federal Statutes.

The most utilized of all constitutional provisions is the fourteenth Amendment Due Process Clause.

The "Due Process Clause" was not untended to supplant tort law, or to superimpose on systems already administered by the states.

To state a claim for a deprivation of Due Process. A plaintiff must show

1. That he possess a constitutionally protected property interest.
2. That he was deprived of that interest without due process of law.

Due process property interest are created by "existing rules or understandings that stem from an independent source such as state law—rules or understanding that secure certain benefits and that support claims of entitlement to those benefits.

6

(iv)**Cont.**

In addition to providing a remedy for deprivations of constitutional rights, section 1983 also makes actionable violations of federal "Laws." A violation of a federal statute is cognizable only when the violation impedes activities, progress, or freedoms secured by federal law. However, a statutes is said to create a federal right only when "the provision in question is intended to benefit the existing plaintiffs, unless it reflects merely a congressional preference for a certain kind of conduct rather than a binding obligation on the government unit, or unless the existing plaintiffs interest is too vague and amorphous such that is beyond the competence of the judiciary to enforce.

**(v)**
". . . shall be liable . . . in an action at law, Suit in equity, or other proper proceeding for redress . . ."

There is no requirement that the plaintiffs sue in federal court because state courts have concurrent jurisdiction, and the usual rule of exhaustion of administrative and judicial state remedies is not a prerequisite to a section 1983 action.

Also, the existence of concurrent state remedies is not a bar to a section 1983 action. With respect to the extent of damages available, the basic purpose of a section 1983 damages award is to compensate the victims of official misconduct, and there is no limit on actual damages if they can be proven.

## U.S. CONSTITUTIONAL AMENDMENTS VIOLATED

**FOURTH AMENDMENT**

**EIGHTH AMENDMENT**

**FOURTEENTH AMENDMENT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATEMENT OF CASE

Plaintiff Christine Jones states that on September 14, 2007, she arrived at the California State Prison Corcoran California, the Chemical Substance abuse Treatment Facility visitor intake reception. The time was approximately 9:00 a.m. .

At 9:20 a.m. Two California Department of Corrections I.S.U. Officers approached her and ordered her to come with them.

Jones states that she had already checked in to visit her husband Mark Jones, and was awaiting her name to be called to finish the visitor check in process.

The I.S.U. Officers took Mrs. Jones into a small room and began to ask her questions.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


STATEMENT OF CASE CONTINUED

Jones states that the Defendant I.S.U. Officers confiscated her property that

was to go in to the visit with her which was a small 3" by 5" see through coin

purse, thirty one dollar bills, california I.D. Card ,and her hoop earrings and

informed Mrs. Jones that  prison personnel was going to perform a Trace

test on her property and that he was waiting on a search warrant to come so

a strip search could be performed on Mrs. Jones person.

I.S.U. Officer Couch is the officiating officer and is named as a defendant in

this lawsuit.

Officer Couch then asked Mrs. Jones if she consented to a search of her

person, for which Mrs. Jones replied "yes".

Plaintiff Christine Jones was then taken to another small utility room and told

\to stand in the center of the room, and not to try to discard any contraband,

and two guards were placed at the open  door to watch her.

## STATEMENT OF CASE    (CONT.)

I.S.U. Officer Couch informed Mrs. Jones that the prison operated under different rules than normal law enforcement officers, and basically that the prison officials would use force if plaintiff Mrs. Jones did not cooperate. Officer Couch left the room, leaving plaintiff Mrs. Jones under the guard of the two unknown officers.

Officer Couch returned with plaintiff Mrs. Jones property that he had confiscated, and began questioning plaintiff Mrs. Jones again for which she invoked her right to counsel, as she felt that the need to invoke her rights to counsel were necessary. At that point one of the unknown officers said " I'm out of here" and he left.

Officer Couch returned plaintiff Mrs. Jones belongings at which point Plaintiff asked if she could continue on to her visit officer Couch replied "no", and that she could not see Plaintiff Mr. Jones at all on that weekend, plaintiff Jones then left the prison facility under her own accord.

Defendants failed to give Plaintiffs their due process right to review of the decision to terminated a visit which is afforded to plaintiffs at Title 15 Section 3179 of the California Code of Regulations. This constitutes a state action liable under "sec. 1983."

11

## PLAINTIFF"S STATEMENT OF FACTS

Plaintiff Christine Jones states she has tried numerous times to get the "Notice Of Visit Termination" form from the Defendants by phone as she lives in Petaluma Ca. An can not readily visit the prison administration office.  **See Exhibit "D" plaintiff's telephone bill**.

Plaintiff Mark Jones has also tried repeatedly to get the prison to follow their own California Code of Regulations Title 15 Section 3179. by filing for an appeal under the prison's "602" form but correctional officers keep throwing the form away states Mr. Jones.

Plaintiff's states that when she visited her husband Mr. Jones on October 14th 2007 she asked the officers in visiting for her "Notice of Visitor Termination" and that the visiting personnel gave her the run around, but yet they have punished Mark Jones without affording him a hearing and taken his Friday visits to signify that it was a Friday when all this occurred,

Because of the blatant and unprofessional behavior of the prison personnel as plaintiff also called Warden Kenneth Clark's office with no results, this entitles plaintiff's to an avenue of redress Section 1983.

PLAINTIFF'S ARGUMENT

Plaintiff's declare that a right to due process claim is grounded upon the defendants;

1. Denial of plaintiff's visit. (In contravention of Title 15 section which states that visit should not be denied without an appeal process, and hearing.)
2. Refusal to give plaintiff's a "Notice of Visit Termination" (In contravention of Title 15 section 3179., which entitles plaintiff's to an appeal process and hearing.)

CAUSE OF ACTION

I.

**Defendant's Non-Compliance with Title 15 section 3179. of the**

**California Code of Regulations.  Note: Authority cited:  Sections 5058,**

**Penal Code, Reference Section 5054, Penal Code.**

Penal Code section 5054. which reads as follows:

5054.  Secretary's Responsibilities

***Commencing July 1, 2005, the* *supervision, management and control of the*** *state prisons, and the responsibility for the care, custody, treatment, discipline and employment of persons confined are vested in the Secretary of the Department of Corrections and Rehabilitation.  (Am 05)*

*Penal Code section 5058  which reads as follows:*

*5058   Rules and Regulations for Administration of Prisons and the Parole of Persons*

(a)  the director may prescribe and amend the rules of regulations for them administration of the prisons and for the administration of the parole of persons sentenced under Section 1170 except those persons who meet the criteria set forth in Section 2962.  The rules and regulations shall be promulgated and filed pursuant to Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code, except as otherwise provided in this section 5058.1 to 5058.3, inclusive.   All rules and regulation shall, to the extent practical, be stated in language that is easily understood by the general public.

For any rule or regulation filed as regular rulemaking as defined in paragraph (5)of subdivision (a0 of Section 1 of Title 1 of the California Code of Regulations, copies of the rule or regulation shall be posted in conspicuous places throughout each institution and shall be mailed to all persons or organizations who request them no later than 20 days prior to its effective date.
(b)  The director shall maintain, publish and make available to the general public, a compendium of the rules and regulations promulgated by the director pursuant to this section and Section 5058.1 to 5058.3, inclusive.
(c)
The following are deemed not to be "regulations" as defined in Sections 11342.600 of the Government Code:

(1)Rules issued by the director applying solely to a particular prison or other correctional facility, provided that the following conditions are met.

(A) All rules that apply to prisons or other correctional facilities throughout the state are adopted by the director pursuant to Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code.
(B) All rules except those exclude from disclosure to the public pursuant to subdivision(f) of Section 6254 of the Government Code are made available to all inmates confined in the particular prison or other facility to which the rules apply and to all members of the general public.
(2)Short-term criteria for the placement of inmates in a new prison or other correctional facility, or subunit thereof, during its last six months of operation, provided that the criteria are made available to the public and that an estimate of fiscal impact is completed pursuant to Sections 6650 to 6670, inclusive, ot the State Administration Manual.
(3)Rules issued by the director that are excluded from disclosure to the public pursuant to subdivision (f) of Section 6254 of the Government Code.   (AM, "75, "78. "87, "94, "00-"02)

Argument continued:

Plaintiffs direct the court to view Exhibit "A" which is an example of the due process that plaintiff's allege was denied to the.   It is a "Notice of Visit Termination" with a notification of the "due process" afforded under Title 15 Section 3179. at the bottom of form.

Plaintiff's allege that their "liberty interest" lies with the process afforded them under Title 15 Section 3179. and that plaintiff Mark Anthony Jones has an interest which also attaches upon Defendants denial to give Plaintiff Christine Jones her Civil Rights afforded to her under Title 15 Section.  See **Vitek  v. Jones, 445 U.S. 480 (1980) which held that a convicted felon is also entitled to the benefit of procedures appropriate in the circumstances.** See also **Mendoza   v.   Blodgett, 960 F.2d (9th Cir. 1992) held that WAL 275-80-930 and visiting rules at the penitentiary in Walla Walla created a due process liberty interest for both prisoners and their visitors, "visiting rights may be suspended only after a finding of guilt pursuant to a regular disciplinary hearing."  Written notice must given to both the prisoner and the visitor.  In this case Mendoza was cleared of wrong doing (alleged drug smuggling) but his visiting with his wife remained suspended.  The court held this was allowed because a visitor may violate prison rule without the prisoners knowledge or consent.   In this case Mrs. Mendoza was not a party to the suit and her husband could not assert her rights for her.  Thus in litigation involving visitor's rights the prisoner and the visitor should jointly file suit.**

Plaintiff's also cite in support of their argument, see **Cochrane   v.**

**Quatrocchi, 949 F. 2d 11, 13 (1st Cir. 1991) Prison visitor's retain the right to be free from unreasonable searches and seizures.**

The above mentioned is a guarantee of the Fourth Amendment to the U.S. Constitution which states:

**The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated: and no Warrants shall issue but upon probable cause, supported supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. See Graham    v. Connor, 490, U.S. 386 (1989) dealing with the reasonableness standard.B**

Plaintiff's state that there was no probable cause, pursuant to a warrant and that Defendants were in violation of her Fourth Amendment Rights at that point, but defendants continued on to deny them their right to due process of the law which is guaranteed under the Fourteenth Amendments "privileges and immunities clause" which is included on the following pages. *Exhibit ("C")*

Plaintiffs also direct the court to review exhibit B) which is a reading of Title 15 Section 3179. for reference to Defendants violations of the California Code of Regjulations.

II. **CAUSE OF ACTION:**
**Failure to train or Supervise employees. See City of Canton   v.   Harris, 489 U.S. 378 (1989) which holds that a failure to train or supervise employees can result in deliberate indifference under the Eighth Amendment and actionable under the Fourteenth Amendment.**

DAMAGES SOUGHT

PLAINTIFF CHRISTINE SEEKS FROM :

**PUNITIVE**

1. CALIFORNIA DEPARTMENT OF CORRECTIONS  $75,000.00
2. KENNETH CLARK (WARDEN)                              $75,000.00
3. I.S.P. OFFICER COUCH and the TWO UNKNOWN
   OFFICERS                                                          $75,000.00
                                                                  _____
                                                                   $225,000.00

PLAINTIFF MARK A, JONES SEEKS FROM:

**PUNITIVE**

1. CALIFORNIA DEPARTMENT OF CORRECTION    $75,000.00
2. kENNETH CLARK (WARDEN)                             $75,000.00
3. I.S.P. OFFICER COUCH AND THE TWO
   UNKNOWN OFFICERS (COLLECTIVELY)           $75,000.00
                                                                  _____
                                                                   $225,000.00

PLAINTIFF CHRISTINE JONES SEEKS COMPENSATORY DAMAGES:

1. REIMBURSEMENT OF HER EXPENSES THAT SHE
   INCURRED ON THAT WEEKEND.    $300.00

THE TOTAL OF THE DAMAGES SOUGHT BY PLAINTIFFS IS:

$455,300.00

STATE OF CALIFORNIA
CDC 887-B (01/03)

DEPARTMENT OF CORRECTIONS

EXHIBIT "A"

# NOTICE OF VISITOR
## WARNING/TERMINATION/SUSPENSION/DENIAL/REVOCATION

DISTRIBUTION:
ORIGINAL – Visiting File
CANARY – Inmate
PINK – Visitor

| TO. (Inmate Name) Jones | CDC NUMBER C-12452 | INSTITUTION SATF | UNIT C1-103u |
|---|---|---|---|

REGARDING (Name of Visitor)
~~Steve Smith~~ Christine Johnson

## VISITING VIOLATION

**ACTION TAKEN** (Check the box(es) that apply):

☐ Verbal Warning _____
　　　　　　　　　　DATE

☐ Written Warning _____
　　　　　　　　　　DATE

☐ Termination For The Day _____
　　　　　　　　　　　　　　DATE

☒ Other: 10-14-07 _____
　　　　　　　　　　DATE

DESCRIPTION OF VISITING VIOLATION INCIDENT:

Overcrowd,

REASON FOR ACTION TAKEN:

Action taken by  COD(C)-00067A  on  10-14-07
　　　　　　　　PRINT NAME OF OFFICIAL　　　　　　　　　　DATE

　　　　　　　　SIGNATURE OF OFFICIAL

## FINAL ACTION TAKEN (If applicable):

☐ One (1) Month Suspension

☐ Three (3) Month Suspension

☐ Six (6) Month Suspension

☐ Twelve (12) Month Suspension

☐ Twenty-four (24) Month Suspension

REASON FOR FINAL ACTION TAKEN:

SIGNATURE OF DIRECTOR/WARDEN/DESIGNEE　　　　　　　DATE

The Termination/Suspension/Denial will expire:

☐ on (DATE) _____ after which time you may continue to visit, provided you adhere to all rules and regulations related to visiting within the facility.

☐ on (DATE) _____ after which time you may write a letter to the Warden requesting to have your visiting privileges reinstated. You must also submit a CDC Form 106, Visiting Questionnaire.

Visitors may appeal any action taken above by following the established appeal process outlined in the California Code of Regulations, Title 15, Division 3, Section 3179, Appeals Relating to Visiting.

A Patterson　　　Sergeant

# 3179. Appeals Relating to Visiting.

(a)    Inmates, and approved inmate visitors, and visiting applicants may appeal in writing department policies, staff decisions, and institution/facility procedures relating to visiting.

(1)    Inmates shall use the established inmate appeal procedures as provided in section(s) 3084 through 3085.

(2)    All appeals by approved inmate visitors and visiting applicants related to visiting shall be submitted to the institution head.

(b)    Visitor appeals related to institution/facility procedures or staff decisions shall be addressed to the institution head. A written response shall be provided within 15 working days from receipt of the appeal. If dissatisfied with the institution/facility response   or action, the appellant may refer the appeal, with a copy of the institution/facility decision, to the director or designee.

(c)    Appeals related to visiting shall be addressed to the director. A written response to appeals addressed to the director shall be provided within 20 working days from the date of receipt.

(d)    All subsequent decisions made as the result of an appeal and the reasons for the decisions shall be documented with a copy to the appellant and/or inmate. Visiting privileges shall be promptly approved or restored when an investigation concludes that no       violation of rules, regulations, or procedures took place.

**NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code**

visit the inmate to offer condolences or inform the inmate of the occurrence.


(E)    Infrequent Visits: When the visitor has not visited the inmate in the last six months.


(10)    When the overcrowding situation persists, visits of those remaining will be terminated as necessary.


(b)    Written notification shall be provided to the visitor when action is taken by the official in charge of visiting to deny, terminate or   restrict a visit. The written notification shall contain information instructing the visitor how to appeal the action as outlined in         section 3179.


(c)    The institution head or designee may revoke or suspend an approved visitor's future visits for a specified period of time for the following reasons:


(1)    Information, which would have resulted in disapproval of visits in section 3172.1, becomes known after approval to visit has been granted.


(2)    The visitor has been involved in a serious violation or multiple less serious violations of CDC regulations.


(d)    The ranking custody officer on duty or the official in charge of visiting may restrict visits, but may not deny visiting, as a temporary security measure when an inmate is scheduled for a hearing on a serious rules violation or for classification on an order for placement in administrative segregation. Subsequent disciplinary or classification

U.S. Constitution Fourteenth Amendment "Due Process Clause"


Privileges and Immunities clause of Article IV, Section 2 states:

   ("The citizens of each state shall be entitled to all privileges
    and immunities of citizens in the several states.

The "Privileges and Immunities Clause" of the XIV Amendment

established a persons right to have the courts determine whether

a measure that deprived person of life, liberty, or property was

in substance, fair and equitable.

The traditional understanding of "due process" has a procedural

meaning, requiring government to follow certain procedures when

it deprived persons of life, liberty, or property.

UNITED STATES DISTRICT COURTS

NORTHERN DISTRICT OF CALIFORNIA

Plaintiffs-PRO PER
Christine Jones
Mark A. Jones
333 N. McDowell 242A
Petaluma CA  94954
(707)765-1810

Plaintiff's declare under penalty of perjury that the foregoing allegations are true.

Plaintiff 1
Signed *Christine Jones*            *Amended date : 11/29/07*
Dated: 11 / 14 / 07                  *Signed: CL Jones*

Plaintiff 2
Signed: *mark Jones*                 *Amended date: 11/29/07*
Dated: 11 / 14 / 07                  *Signed: mark Jones*

20



The Neighborhood built by MCI

Exhibit "D"

Neighborhood Account: 7GF60102
Telephone Number: 707 765-1810

Statement Date: 10/08/07
Page 4 of 6

Customer Service: 🖥 www.mci.com/service  ☎ 1 888 624-5622

## Long Distance

Calls from 707 765-1810

| Date | Time | Place | Number | Rate | Min | Amount |
|---|---|---|---|---|---|---|
| Sep 13 | 3:30p | Dir Asst , CA | 559 555-1212 | DrAst | 1 | .95 |
| Sep 13 | 3:30p | Dir Asst , CA | 559 555-1212 | DrAst | 1 | .95 |
| Sep 13 | 2:31p | Corcoran , CA | 559 992-3171 | 24Hr | 3 | .00 |
| Sep 17 | 7:38p | Lsan Da 12, CA | 223 347-4436 | 24Hr | 2 | .00 |
| Sep 20 | 7:54p | Corcoran , CA | 559 992-7100 | 24Hr | 2 | .00 |
| Sep 20 | 7:57p | Corcoran , CA | 559 992-7100 | 24Hr | 2 | .00 |
| Sep 20 | 7:59p | Corcoran , CA | 559 992-7100 | 24Hr | 3 | .00 |
| Sep 20 | 8:11p | Corcoran , CA | 559 992-7100 | 24Hr | 2 | .00 |
| Sep 20 | 8:12p | Corcoran , CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 20 | 8:13p | Corcoran , CA | 559 992-7127 | 24Hr | 1 | .00 |
| Sep 20 | 9:56p | Fresno, CA | 559 490-0184 | 24Hr | 1 | .00 |
| Sep 26 | 1:32p | Dir Asst , CA | 559 555-1212 | DrAst | 2 | .95 |
| Sep 26 | 1:34p | Corcoran , CA | 559 992-5151 | 24Hr | 5 | .00 |
| Sep 26 | 3:09p | Corcoran , CA | 559 992-7100 | 24Hr | 7 | .00 |
| Sep 26 | 8:37p | Corcoran , CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 26 | 8:38p | Corcoran , CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 27 | 7:51a | Corcoran , CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 27 | 7:51a | Corcoran , CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 27 | 8:11a | Corcoran , CA | 559 992-7100 | 24Hr | 7 | .00 |
| Sep 29 | 11:06a | Corcoran , CA | 559 992-7100 | 24Hr | 2 | .00 |
| Oct 2 | 7:30p | Lsan Da 12, CA | 323 347-4436 | 24Hr | 1 | .00 |
| Oct 4 | 9:40a | Corcoran , CA | 559 992-7100 | 24Hr | 3 | .00 |
| Oct 4 | 9:43a | Dir Asst , CA | 916 555-1212 | DrAst | 2 | .95 |
| Oct 4 | 9:47a | Sacramento, CA | 916 874-5686 | 24Hr | 1 | .00 |
| Oct 4 | 11:20a | Corcoran , CA | 559 992-7100 | 24Hr | 6 | .00 |
| Oct 5 | 8:50a | Corcoran , CA | 559 992-3171 | 24Hr | 3 | .00 |
| Oct 5 | 8:54a | Dir Asst , CA | 559 555-1212 | DrAst | 1 | .95 |
| Oct 5 | 8:55a | Corcoran , CA | 559 992-2050 | 24Hr | 1 | .00 |
| Oct 5 | 8:56a | Hanford , CA | 559 584-9015 | 24Hr | 1 | .00 |
| Oct 5 | 8:59a | Corcoran , CA | 559 992-2050 | 24Hr | 3 | .00 |
| Oct 5 | 9:12a | Hanford , CA | 559 572-3903 | 24Hr | 1 | .00 |
| Oct 5 | 9:14a | Corcoran , CA | 559 992-7100 | 24Hr | 1 | .00 |

Total Calls from 707 765-1810                                                  $4.75

**Total Long Distance**                                              $4.75

cc

Invoice Continues on Next Page ...

21

**The Neighborhood** built by MCI

Exhibit "D"

Neighborhood Account: 7GF60102
Telephone Number: 707 765-1810

Statement Date: 10/08/07
Page 4 of 6

Customer Service: 📞 www.mci.com/service    ☎ 1 888 624-5622

## Long Distance

Calls from 707 765-1810:

| Date | Time | Place | Number | Rate | Min | Amount |
|------|------|-------|--------|------|-----|--------|
| Sep 13 | 3:30p | Dir Asst, CA | 559 555-1212 | DrAst | 1 | .95 |
| Sep 13 | 3:30p | Dir Asst, CA | 559 555-1212 | DrAst | 3 | .95 |
| Sep 13 | 3:31p | Corcoran, CA | 559 992-3171 | 24Hr | 3 | .00 |
| Sep 17 | 7:38p | Lsan Da 12, CA | 323 347-4436 | 24Hr | 3 | .00 |
| Sep 20 | 7:54p | Corcoran, CA | 559 992-7100 | 24Hr | 2 | .00 |
| Sep 20 | 7:57p | Corcoran, CA | 559 992-7100 | 24Hr | 2 | .00 |
| Sep 20 | 7:59p | Corcoran, CA | 559 992-7100 | 24Hr | 3 | .00 |
| Sep 20 | 8:11p | Corcoran, CA | 559 992-7100 | 24Hr | 2 | .00 |
| Sep 20 | 8:12p | Corcoran, CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 20 | 8:13p | Corcoran, CA | 559 992-7127 | 24Hr | 1 | .00 |
| Sep 20 | 9:56p | Fresno, CA | 559 490-0184 | 24Hr | 1 | .00 |
| Sep 26 | 1:32p | Dir Asst, CA | 559 555-1212 | DrAst | 2 | .95 |
| Sep 26 | 1:34p | Corcoran, CA | 559 992-5151 | 24Hr | 5 | .00 |
| Sep 26 | 3:09p | Corcoran, CA | 559 992-7100 | 24Hr | 7 | .00 |
| Sep 26 | 8:37p | Corcoran, CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 26 | 8:38p | Corcoran, CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 27 | 7:51a | Corcoran, CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 27 | 7:51a | Corcoran, CA | 559 992-7100 | 24Hr | 7 | .00 |
| Sep 27 | 8:11a | Corcoran, CA | 559 992-7100 | 24Hr | 2 | .00 |
| Sep 29 | 11:06a | Corcoran, CA | 559 992-7100 | 24Hr | 1 | .00 |
| Oct 2 | 7:30p | Lsan Da 12, CA | 323 347-4436 | 24Hr | 3 | .00 |
| Oct 4 | 9:40a | Corcoran, CA | 559 992-7100 | 24Hr | 2 | .00 |
| Oct 4 | 9:43a | Dir Asst, CA | 916 555-1212 | DrAst | 1 | .95 |
| Oct 4 | 9:47a | Sacramento, CA | 916 874-5686 | 24Hr | 1 | .00 |
| Oct 4 | 11:20a | Corcoran, CA | 559 992-7100 | 24Hr | 6 | .00 |
| Oct 5 | 8:50a | Corcoran, CA | 559 992-3171 | 24Hr | 3 | .00 |
| Oct 5 | 8:54a | Dir Asst, CA | 559 555-1212 | DrAst | 1 | .95 |
| Oct 5 | 8:55a | Corcoran, CA | 559 992-2050 | 24Hr | 1 | .00 |
| Oct 5 | 8:56a | Hanford, CA | 559 584-9015 | 24Hr | 1 | .00 |
| Oct 5 | 8:59a | Corcoran, CA | 559 992-2050 | 24Hr | 3 | .00 |
| Oct 5 | 9:12a | Hanford, CA | 559 572-3903 | 24Hr | 1 | .00 |
| Oct 5 | 9:14a | Corcoran, CA | 559 992-7100 | 24Hr | 1 | .00 |

**Total Calls from 707 765-1810** — $4.75

**Total Long Distance** — $4.75

Invoice Continues on Next Page ...

# PROOF OF MAILING

I declare under penalty of perjury that I placed the attached documents in a

United States Postal Box located in Petaluma California on November 15th,

2007 and I am a citizen of the United States of America and a resident of

California and over the age of 18 years of age.

Signed: D. J. Johnson
Dated: 11/15/07

Amendment of Mailing date: 11/29/07
D. J. Johnson

Defendants Addresses;
California Dept. of Correction
Secretary
California State Prison
C.S.A.T.F.
P.O. Box 5246
Corcoran CA 93212-5246
(559) 992-7100
Kenneth Clark (warden)
C.S.A.T.F. / State Prison CA
5246 P.O. Box
Corcoran CA 93212-5246
(559) 992-7100

I.S.Y. officer Couch
Two unknown I.S.U. officers
C.S.A.T.F. / State Prison CA
P.O. Box 5246
Corcoran CA 93212-5246
559

2