# PROOF OF SERVICE
# BY
# MAIL

I _D. J. Johnson_ certify that I am a resident of Sonoma County, and that I am not a party to this action; that I am over the age of 18 years, and that on the date shown below I mailed the attached correspondence by certified mail to the addressees listed below via a Santa Rosa California United States Postal Service.

Signed: _D. D. Johnson_

Dated: _12/13/07_

## ADDRESSEES

James E. Tilton
Secretary
California Department of Corrections
1515 S. Street
Suite 502
Sacramento, CA  95814

Kenneth Clark (Warden)
C.S.A.T.F. / State Prison
900 Quebec Ave.
P.O. Box 5246
Corcoran, CA  93212

I.S.U. Officer Couch
Two Unknown Officers
C.S.A.T.F.  / State Prison
900 Quebec Ave
P.O. Box 5246
Corcoran CA  93212

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
Christine Jones (Primary)
Mark A. Jones (Party)

**DEFENDANTS**
California Dept. of Corrections
Kenneth Clark (Warden)
E.S.U. officer Couch
Two unknown E.S.U. officers

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Sonoma_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Kings Co._
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Plaintiff In Pro-Per

ATTORNEYS (IF KNOWN)
unknown

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                                              AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | [ ] 640 RR & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence Habeas Corpus: | [ ] 791 Empl.Ret. Inc. Security Act | [ ] 870 Taxes (US Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [X] 440 Other Civil Rights | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl | [ ] 555 Prison Condition | | | |
| | [ ] 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 9,755,300.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE 11/29/07

SIGNATURE OF ATTORNEY OF RECORD
Chr Jones Pro-Per

Plaintiffs:PRO-PER
Christine Jones
Mark Jones
333 N. McDowell 242A
Petaluma CA 94954
(707)765-1810

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

Christine Jones, Mark Jones        **CV 07        6146**
            Plaintiffs

                                                        **WDB**

            V.

California Department of Corrections,  Kenneth Clark,(Warden)
CDC  I.S.U. Officers, Couch and Two Unknown I.S.P.
Officers
            Defendants

Comes now these two plaintiffs. Respectfully filing this action at 42 U.S.C.

Section 1983.  Alleging violations of their Civil Rights, guaranteed under

the United States Constitution.

1

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

Christine Jones, Mark Jones
plaintiffs

V.

California Department of Corrections, Kenneth Clark (Warden)
CDC I.S.U. Officer Couch and Two unknown I.S.U. Officers
defendants

  Plaintiff state that jurisdiction of this court is a 28 U.S.C. Section 1331 as the

damages sought exceed $25,000 dollars and it involves the courts review of

alleged Constitution violations and a deprivation of plaintiff's Civil Rights.

  All Defendants are being sued in their Official capacity.

Plaintiffs demand trial by Jury, on all
disputed facts.

Venue is appropriate in this court because
defendants reside in this district, and the
acts and omissions giving rise to this
lawsuit occurred in this district.

Dated: 11/29/07
Signed: Chris Jones

2

TITLE 42 U.S.C. SECTION 1983 STATES:

Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statue of the District of Columbia.

Section 1983 was enacted on April 20, 1871 as part of the Civil Rights Act

of 1871, and is also known as the "Ku Klux Klan Act" because one of its

primary purposes was to provide a civil remedy against the abuses that were

being committed in the southern states, especially by the Ku Klux Klan.

While the existing law protected all citizens in theory, its protection in

practice was unavailable to some because those persons charged with the

enforcement of the laws were unable or unwilling to do so.

The Act was intended to provide a private remedy for such violations of

federal law, and has subsequently been interpreted to create a species of

tort liability.

3

## ELEMENTS OF A SECTION 1983 CLAIM

**(i)**      "Every person. . ."

Only "persons" under the statute are subject to liability.

(ii)      ". . . who under color of [state law] . . ."

The traditional definition of action under the color of stat law requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law," and such actions may result in liability even if the defendant abuses the position given to him by the state.

A private actor may also act under color of state law under certain circumstances.   For example, it has been held that a physician who contracts with the state to provide medical care to inmates acts under the color of state law.

For all practical purposes, the "color of state law" requirement is identical to the "state action" prerequisite to constitutional liability.

**(iii)**

"... subjects or caused to be subjected ... "

Section 1983 does not impose a state of mind requirement independent of underlying basis for liability, but there must be a causal connection between the defendant's actions and the harm that results.   In order to hold a local government liable under section 1983, the Supreme Court has interpreted this causation element to require that the harm be the result of action on the part of the government entity that implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or result of the entity's custom.   Further the entity's policy or custom must have been the "moving force" behind the alleged deprivation.

A local government is said to have an unconstitutional policy when it fails to train or supervise its employees, and the failure to train amounts to deliberate indifference to to an obvious need for such training and/or supervision, and failure to train or supervise its employees will likely result in the employee making a wrong decision.

An unconstitutional policy may also exist if an isolated action of a government employee is dictated by a "final policymaker," or if the authorized policymaker approves a subordinate's decision and the basis for it.   However, a supervisor can only be liable in his individual capacity if he directly participates in causing the harm.

**(iv)**

" . . . [any person to] the deprivation of rights . . . "

Section 1983 is not itself a source of substantive rights, it merely provides

a method for the vindication of rights elsewhere conferred in the United

States Constitution and Laws.

Therefore, a plaintiff may prevail only if he can demonstrate that he was

\deprived of rights secured by the United States Constitution or Federal

Statutes.

The most utilized of all constitutional provisions is the fourteenth Amendment

Due Process Clause.

The "Due Process Clause" was not untended to supplant tort law, or to

superimpose on systems already administered by the states.

To state a claim for a deprivation of Due Process. A plaintiff must show

    1. That he possess a constitutionally protected property interest.
    2. That he was deprived of that interest without due process of law.

Due process property interest are created by "existing rules or understandings

that stem from an independent source such as state law—rules or

understanding that secure certain benefits and that support claims of

entitlement to those benefits.

**(iv)Cont.**

In addition to providing a remedy for deprivations of constitutional rights, section 1983 also makes actionable violations of federal "Laws."  A violation of a federal statute is cognizable only when the violation impedes activities, progress, or freedoms secured by federal law.   However, a statutes is said to create a federal right only when "the provision in question is intended to benefit the existing plaintiffs, unless it reflects merely a congressional preference for a certain kind of conduct rather than a binding obligation on the government unit, or unless the existing plaintiffs interest is too vague and amorphous such that is beyond the competence of the judiciary to enforce.

**(v)**
".  .  . shall be liable .  .  . in an action at law, Suit in equity, or other proper proceeding for redress .  .  ."

There is no requirement that the plaintiffs sue in federal court because state courts have concurrent jurisdiction, and the usual rule of exhaustion of administrative and judicial state remedies is not a prerequisite to a section 1983 action.

Also, the existence of concurrent state remedies is not a bar to a section 1983 action.   With respect to the extent of damages available, the basic purpose of a section 1983 damages award is to compensate the victims of official misconduct, and there is no limit on actual damages if they can be proven.

## U.S. CONSTITUTIONAL AMENDMENTS VIOLATED

**FOURTH AMENDMENT**

**EIGHTH AMENDMENT**

**FOURTEENTH AMENDMENT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATEMENT OF CASE

Plaintiff Christine Jones states that on September 14, 2007, she arrived at the

California State Prison Corcoran California, the Chemical Substance abuse

Treatment Facility  visitor intake reception. The time was approximately 9:00

a.m. .

At 9:20 a.m. Two California Department of Corrections I.S.U. Officers

approached her and ordered her to come with them.

Jones states that she had already checked in to visit her husband Mark Jones,

and was awaiting her name to be called to finish the visitor check in process.

The I.S.U. Officers took Mrs. Jones into a small room and began to ask

her questions.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STATEMENT OF CASE CONTINUED

Jones states that the Defendant I.S.U. Officers confiscated her property that

was to go in to the visit with her, which was a small 3" by 5" see through coin

purse, thirty one dollar bills, california I.D. Card ,and her hoop earrings and

informed Mrs. Jones that  prison personnel was going to perform a Trace

test on her property and that he was waiting on a search warrant to come so

a strip search could be performed on Mrs. Jones person.

I.S.U. Officer Couch is the officiating officer and is named as a defendant in

this lawsuit.

Officer Couch then asked Mrs. Jones if she consented to a search of her

person, for which Mrs. Jones replied "yes".

Plaintiff Christine Jones was then taken to another small utility room and told

\to stand in the center of the room, and not to try to discard any contraband,

and two guards were placed at the open  door to watch her.

12

## STATEMENT OF CASE     (CONT.)

I.S.U. Officer Couch informed Mrs. Jones that the prison operated under different rules than normal law enforcement officers, and basically that the prison officials would use force if plaintiff Mrs. Jones did not cooperate.  Officer Couch  left the room, leaving plaintiff Mrs. Jones under the guard of the two unknown officers.

Officer Couch returned with plaintiff Mrs. Jones property that he had confiscated, and began questioning plaintiff Mrs. Jones again for which she invoked her right to counsel, as she felt that the need to invoke her rights to counsel were necessary.   At that point one of the unknown officers said " I'm out of here" and he left.

Officer Couch returned plaintiff Mrs. Jones belongings at which point Plaintiff asked if she could continue on to her visit officer Couch replied "no", and that she could not see Plaintiff Mr. Jones at all on that weekend, plaintiff Jones then left the prison facility under her own accord.

Defendants failed to give Plaintiffs their due process right to review of the decision to terminated a visit which is afforded to plaintiffs at Title 15 section 3179 of the California Code of Regulations. This constitutes a state action liable under "Sec. 1983."

## PLAINTIFF"S STATEMENT OF FACTS

Plaintiff Christine Jones states she has tried numerous times to get the "Notice Of Visit Termination" form from the Defendants by phone as she lives in Petaluma Ca. An can not readily visit the prison administration office.  **See Exhibit "D" plaintiff's telephone bill**.

Plaintiff Mark Jones has also tried repeatedly to get the prison to follow their own California Code of Regulations Title 15 Section 3179. by filing for an appeal under the prison's "602" form but correctional officers keep throwing the form away states Mr. Jones.

Plaintiff's states that when she visited her husband Mr. Jones on October 14th 2007 she asked the officers in visiting for her "Notice of Visitor Termination" and that the visiting personnel gave her the run around, but yet they have punished Mark Jones without affording him a hearing and taken his Friday visits to signify that it was a Friday when all this occurred,

Because of the blatant and unprofessional  behavior of the prison personnel as plaintiff also called Warden Kenneth Clark's office with no results, this entitles plaintiff's to an avenue of redress Section 1983.

PLAINTIFF'S ARGUMENT

Plaintiff's declare that a right to due process claim is grounded upon the defendants;
1. Denial of plaintiff's visit. (In contravention of Title 15 section which states that visit should not be denied without an appeal process, and hearing.)
2. Refusal to give plaintiff's a "Notice of Visit Termination" (In contravention of Title 15 section 3179., which entitles plaintiff's to an appeal process and hearing.)

CAUSE OF ACTION

I.

**Defendant's Non-Compliance with Title 15 section 3179. of the California Code of Regulations. Note: Authority cited: Sections 5058, Penal Code, Reference Section 5054, Penal Code.**

Penal Code section 5054. which reads as follows:

5054.  Secretary's Responsibilities

***Commencing July 1, 2005, the *supervision, management and control of the*****

*state prisons, and the responsibility for the care, custody, treatment, discipline and employment of persons confined are vested in the Secretary of the Department of Corrections and Rehabilitation.   (Am 05)*

*Penal Code section 5058  which reads as follows:*

*5058   Rules and Regulations for Administration of Prisons and the Parole of Persons*

13

(a)   the director may prescribe and amend the rules of regulations for them administration of the prisons and for the administration of the parole of persons sentenced under Section 1170 except those persons who meet the criteria set forth in Section 2962.  The rules and regulations shall be promulgated and filed pursuant to Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code, except as otherwise provided in this section 5058.1 to 5058.3, inclusive.   All rules and regulation shall, to the extent practical, be stated in language that is easily understood by the general public.

For any rule or regulation filed as regular rulemaking as defined in paragraph (5)of subdivision (a0 of Section 1 of Title 1 of the California Code of Regulations, copies of the rule or regulation shall be posted in conspicuous places throughout each institution and shall be mailed to all persons or organizations who request them no later than 20 days prior to its effective date.

(b)   The director shall maintain, publish and make available to the general public, a compendium of the rules and regulations promulgated by the director pursuant to this section and Section 5058.1 to 5058.3, inclusive.

(c)
The following are deemed not to be "regulations" as defined in Sections 11342.600 of the Government Code:

(1)Rules issued by the director applying solely to a particular prison or other correctional facility, provided that the following conditions are met.

(A) All rules that apply to prisons or other correctional facilities throughout the state are adopted by the director pursuant to Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code.
(B) All rules except those that exclude from disclosure to the public pursuant to subdivision(f) of Section 6254 of the Government Code are made available to all inmates confined in the particular prison or other facility to which the rules apply and to all members of the general public.
(2)Short-term criteria for the placement of inmates in a new prison or other correctional facility, or subunit thereof, during its last six months of operation, provided that the criteria are made available to the public and that an estimate of fiscal impact is completed pursuant to Sections 6650 to 6670, inclusive, ot the State Administration Manual.
(3)Rules issued by the director that are excluded from disclosure to the public pursuant to subdivision (f) of Section 6254 of the Government Code.   (AM, "75, "78. "87, "94, "00-"02)

14

Argument continued:

Plaintiffs direct the court to view Exhibit "A" which is an example of the due process that plaintiff's allege was denied to the.   It is a "Notice of Visit Termination" with a notification of the "due process" afforded under Title 15 Section 3179. at the bottom of form.

Plaintiff's allege that their "liberty interest" lies with the process afforded them under Title 15 Section 3179. and that plaintiff Mark Anthony Jones has an interest which also attaches upon Defendants denial to give Plaintiff Christine Jones her Civil Rights afforded to her under Title 15 Section.  See **Vitek  v. Jones, 445 U.S. 480 (1980) which held that a convicted felon is also entitled to the benefit of procedures appropriate in the circumstances.** See also **Mendoza   v.   Blodgett, 960 F.2d (9th Cir. 1992) held that WAL 275-80-930 and visiting rules at the penitentiary in Walla Walla created a due process liberty interest for both prisoners and their visitors, "visiting rights may be suspended only after a finding of guilt pursuant to a regular disciplinary hearing." Written notice must given to both the prisoner and the visitor.  In this case Mendoza was cleared of wrong doing (alleged drug smuggling) but his visiting with his wife remained suspended.  The court held this was allowed because a visitor may violate prison rule without the prisoners knowledge or consent.  In this case Mrs. Mendoza was not a party to the suit and her husband could not assert her rights for her.  Thus in litigation involving visitor's rights the prisoner and the visitor should jointly file suit.**

Plaintiff's also cite in support of their argument, see **Cochrane   v.**

.15

Quatrocchi, 949 F. 2d 11, 13 (1st Cir. 1991) Prison visitor's retain the right to be free from unreasonable searches and seizures.

The above mentioned is a guarantee of the Fourth Amendment to the U.S. Constitution which states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated: and no Warrants shall issue but upon probable cause, supported supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. See Graham     v. Connor, 490, U.S. 386 (1989) dealing with the reasonableness standard.B

Plaintiff's state that there was no probable cause, pursuant to a warrant and that Defendants were in violation of her Fourth Amendment Rights at that point, but defendants continued on to deny them their right to due process of the law which is guaranteed under the Fourteenth Amendments "privileges and immunities clause" which is included on the following pages. Exhibit ("C")

Plaintiffs also direct the court to review exhibit B which is a reading of Title 15 Section 3179. for reference to Defendants violations of the California Code of Regjulations.

## II. CAUSE OF ACTION:
Failure to train or Supervise employees. See City of Canton   v.   Harris, 489 U.S. 378 (1989) which holds that a failure to train or supervise employees can result in deliberate indifference under the Eighth Amendment and actionable under the Fourteenth Amendment.

DAMAGES SOUGHT

PLAINTIFF CHRISTINE SEEKS FROM :

**PUNITIVE**

1. CALIFORNIA DEPARTMENT OF CORRECTIONS  $75,000.00
2. KENNETH CLARK (WARDEN)                    $75,000.00
3. I.S.P. OFFICER COUCH and the TWO UNKNOWN
   OFFICERS                                  $75,000.00
                                           _____
                                           $225,000.00

PLAINTIFF MARK A, JONES SEEKS FROM:

**PUNITIVE**

1. CALIFORNIA DEPARTMENT OF CORRECTION   $75,000.00
2. KENNETH CLARK (WARDEN)                $75,000.00
3. I.S.P. OFFICER COUCH AND THE TWO
   UNKNOWN OFFICERS (COLLECTIVELY)       $75,000.00
                                        _____
                                        $225,000.00

PLAINTIFF CHRISTINE JONES SEEKS COMPENSATORY DAMAGES:

   1. REIMBURSEMENT OF HER EXPENSES THAT SHE
      INCURRED ON THAT WEEKEND.    $300.00

THE TOTAL OF THE DAMAGES SOUGHT BY PLAINTIFFS IS:

$455,300.00

17

DISTRIBUTION:
ORIGINAL – Visiting File
CANARY – Inmate
PINK – Visitor

| TO: (Inmate Name) | CDC NUMBER | INSTITUTION | UNIT |
|---|---|---|---|
| Jones, | C-12452 | SATF | C1-103u |

REGARDING (Name of Visitor)

~~Smith~~ Christine Johnson

## VISITING VIOLATION

**ACTION TAKEN** (Check the box(es) that apply):

☐ Verbal Warning _____ DATE

☐ Written Warning _____ DATE

☐ Termination For The Day _____ DATE

☒ Other: 10-14-07 _____ DATE

DESCRIPTION OF VISITING VIOLATION INCIDENT:

Overcrowd,

REASON FOR ACTION TAKEN:

Action taken by C.O.D.C. DINGER A on 10-14-07
PRINT NAME OF OFFICIAL                         DATE

_____
SIGNATURE OF OFFICIAL

**FINAL ACTION TAKEN** (If applicable):

☐ One (1) Month Suspension                 ☐ Six (6) Month Suspension

☐ Three (3) Month Suspension              ☐ Twelve (12) Month Suspension

☐ Twenty-four (24) Month Suspension

REASON FOR FINAL ACTION TAKEN:

_____
SIGNATURE OF DIRECTOR/WARDEN DESIGNEE                         DATE

The Termination/Suspension/Denial will expire:

☐ on **(DATE)** _____ after which time you may continue to visit, provided you adhere to all rules and regulations related to visiting within the facility.

☐ on **(DATE)** _____ after which time you may write a letter to the Warden requesting to have your visiting privileges reinstated. You must also submit a CDC Form 106, Visiting Questionnaire.

Visitors may appeal any action taken above by following the established appeal process outlined in the California Code of Regulations, Title 15, Division 3, Section 3179, Appeals Relating to Visiting.

A Patterson                 Sergeant

## 3179. Appeals Relating to Visiting.

(a)     Inmates, and approved inmate visitors, and visiting applicants may appeal in writing department policies, staff decisions, and institution/facility procedures relating to visiting.

(1)     Inmates shall use the established inmate appeal procedures as provided in section(s) 3084 through 3085.

(2)     All appeals by approved inmate visitors and visiting applicants related to visiting shall be submitted to the institution head.

(b)     Visitor appeals related to institution/facility procedures or staff decisions shall be addressed to the institution head. A written response shall be provided within 15 working days from receipt of the appeal. If dissatisfied with the institution/facility response   or action, the appellant may refer the appeal, with a copy of the institution/facility decision, to the director or designee.

(c)     Appeals related to visiting shall be addressed to the director. A written response to appeals addressed to the director shall be provided within 20 working days from the date of receipt.

(d)     All subsequent decisions made as the result of an appeal and the reasons for the decisions shall be documented with a copy to the appellant and/or inmate. Visiting privileges shall be promptly approved or restored when an investigation concludes that no      violation of rules, regulations, or procedures took place.

**NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code**

visit the inmate to offer condolences or inform the inmate of the occurrence.

(E)     Infrequent Visits: When the visitor has not visited the inmate in the last six months.

(10)    When the overcrowding situation persists, visits of those remaining will be terminated as necessary.

(b)     Written notification shall be provided to the visitor when action is taken by the official in charge of visiting to deny, terminate or restrict a visit. The written notification shall contain information instructing the visitor how to appeal the action as outlined in        section 3179.

(c)     The institution head or designee may revoke or suspend an approved visitor's future visits for a specified period of time for the following reasons:

(1)     Information, which would have resulted in disapproval of visits in section 3172.1, becomes known after approval to visit has been granted.

(2)     The visitor has been involved in a serious violation or multiple less serious violations of CDC regulations.

(d)     The ranking custody officer on duty or the official in charge of visiting may restrict visits, but may not deny visiting, as a temporary security measure when an inmate is scheduled for a hearing on a serious rules violation or for classification on an order for placement in administrative segregation. Subsequent disciplinary or classification

19

U.S. Constitution Fourteenth Amendment "Due Process Clause"


Privileges and Immunities clause of Article IV, Section 2 states:

("The citizens of each state shall be entitled to all privileges
and immunities of citizens in the several states.

The "Privileges and Immunities Clause" of the XIV Amendment

established a persons right to have the courts determine whether

a measure that deprived person of life, liberty, or property was

in substance, fair and equitable.

The traditional understanding of "due process" has a procedural

meaning, requiring government to follow certain procedures when

it deprived persons of life, liberty, or property.

19 A

**The Neighborhood** built by MCI

Statement Date: 10/08/07
Page 4 of 6

Neighborhood Account: 7GF60102
Telephone Number: 707 765-1810

Customer Service: www.mci.com/service  📞 1 888 624-5622

*Exhibit "D"* (handwritten)

## Long Distance

Calls from 707 765-1810:

| Date | Time | Place | Number | Rate | Min | Amount |
|---|---|---|---|---|---|---|
| Sep 13 | 3:30p | Dir Asst, CA | 559 555-1212 | DirAst | 1 | .95 |
| Sep 13 | 3:30p | Dir Asst, CA | 559 555-1212 | DirAst | 1 | .95 |
| Sep 13 | 3:31p | Corcoran, CA | 559 992-3171 | 24Hr | 3 | .00 |
| Sep 17 | 7:38p | Lsan Da 12, CA | 263 347-4436 | 24Hr | 3 | .00 |
| Sep 20 | 7:54p | Corcoran, CA | 559 992-7100 | 24Hr | 2 | .00 |
| Sep 20 | 7:57p | Corcoran, CA | 559 992-7100 | 24Hr | 2 | .00 |
| Sep 20 | 7:59p | Corcoran, CA | 559 992-7100 | 24Hr | 2 | .00 |
| Sep 20 | 8:11p | Corcoran, CA | 559 992-7100 | 24Hr | 3 | .00 |
| Sep 20 | 8:12p | Corcoran, CA | 559 992-7100 | 24Hr | 2 | .00 |
| Sep 20 | 8:13p | Corcoran, CA | 559 992-7127 | 24Hr | 1 | .00 |
| Sep 20 | 9:56p | Fresno, CA | 559 490-0184 | 24Hr | 1 | .00 |
| Sep 26 | 1:32p | Dir Asst, CA | 559 555-1212 | DirAst | 2 | .95 |
| Sep 26 | 1:34p | Corcoran, CA | 559 992-5151 | 24Hr | 5 | .00 |
| Sep 26 | 3:09p | Corcoran, CA | 559 992-7100 | 24Hr | 7 | .00 |
| Sep 26 | 8:37p | Corcoran, CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 26 | 8:39p | Corcoran, CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 27 | 7:51a | Corcoran, CA | 559 992-7100 | 24Hr | 1 | .00 |
| Sep 27 | 7:51a | Corcoran, CA | 559 992-7100 | 24Hr | 7 | .00 |
| Sep 27 | 8:11a | Corcoran, CA | 559 992-7100 | 24Hr | 7 | .00 |
| Sep 29 | 11:06a | Corcoran, CA | 559 992-7100 | 24Hr | 2 | .00 |
| Oct 2 | 7:30p | Lsan Da 12, CA | 323 347-4436 | 24Hr | 1 | .00 |
| Oct 4 | 9:40a | Dir Asst, CA | 559 555-1212 | DirAst | 3 | .00 |
| Oct 4 | 9:43a | Dir Asst, CA | 916 555-1212 | DirAst | 2 | .95 |
| Oct 4 | 9:47a | Sacramento, CA | 916 874-5686 | 24Hr | 1 | .00 |
| Oct 4 | 11:39a | Corcoran, CA | 559 992-7100 | 24Hr | 6 | .00 |
| Oct 5 | 8:50a | Corcoran, CA | 559 992-3171 | 24Hr | 3 | .00 |
| Oct 5 | 8:54a | Dir Asst, CA | 559 555-1212 | DirAst | 1 | .95 |
| Oct 5 | 8:55a | Corcoran, CA | 559 555-1212 | 24Hr | 1 | .00 |
| Oct 5 | 8:56a | Hanford, CA | 559 582-2050 | 24Hr | 1 | .00 |
| Oct 5 | 8:59a | Corcoran, CA | 559 584-9015 | 24Hr | 1 | .00 |
| Oct 5 | 9:12a | Hanford, CA | 559 582-2050 | 24Hr | 3 | .00 |
| Oct 5 | 9:13a | Corcoran, CA | 559 572-3903 | 24Hr | 1 | .00 |
| Oct 5 | 9:14a | Corcoran, CA | 559 992-7100 | 24Hr | 1 | .00 |

Total Calls from 707 765-1810 $4.75

**Total Long Distance** $4.75

Invoice Continues on Next Page ...

# PROOF OF MAILING

I declare under penalty of perjury that I placed the attached documents in a

United States Postal Box located in Petaluma California on November 15th,

2007 and I am a citizen of the United States of America and a resident of

California and over the age of 18 years of age.

Signed: D. J. Johnson

Dated: 11/15/07

Amendment of mailing date: 16/20/07

D. J. Johnson

Defendants Addresses;

California Dept. of Correction

Secretary

California State Prison

C.S.A.T.F.

P.O. Box 5246

Corcoran CA 93212-5246

(559) 992-7100

Kenneth Clark (warden)

C.S.A.T.F. / State Prison CA

5246 P.O. Box

Corcoran CA 93212-5246

(559) 992-7100

I.S.Y. officer Couch

Two unknown I.S.U. officers

C.S.A.T.F. / State Prison CA

P.O. Box 5246

Corcoran CA 93212-5246

559

E-filing
CV 07      6146      *WDB* 

## U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

☑  **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also:</u>

☑  **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☑  **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☑  **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**



## Submitting Initiating Documents

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

## Converting Documents to PDF

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQs** at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER JONES,

Plaintiff (s),

v.

CA DEPT. OF CORRECTIONS,
Defendant(s).

**E-filing**

No. C 07-06146 WDB

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Wayne D. Brazil. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 12/5/2007 | Complaint filed | |
| 2/19/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 3/4/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 3/11/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 4, Oakland at 4:00 PM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


**STANDING ORDER**

**U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL**


<u>**Criminal Matters**</u>


1.     Subject to published Notices of Unavailability,[1] **the master criminal calendar** for Oakland venued cases is held Monday through Friday, beginning at **10:00 a.m.,** in Courtroom  4, Third Floor, United States Courthouse, 1301 Clay Street, Oakland, California.


2.     **Requests to add matters to or continue matters on the criminal calendar** must be directed to Magistrate Judge Brazil's **Courtroom Deputy, Ivy Garcia, at (510) 637-3639.**

The court will try to accommodate reasonable "last minute" requests to add matters to the 10:00 a.m. criminal calendar. The court requests, however, that counsel, the probation officer, or the pretrial services officer bring to court at least two extra

---

[1]Notices of Unavailability are posted in the clerk's office and published in the Recorder, the Daily Journal, and on the Court's internet site at http://www.cand.uscourts.gov.

1

1   copies of any pertinent documents so that the parties and the judge will have the

2   information needed for the proceeding.

3        The clerk's office requires **24 hours notice** for all matters requiring an

4   **interpreter**.

5

6   3.     Subject to published Notices of Unavailability, Magistrate Judge Brazil usually

7   is available Monday through Friday after the master criminal calendar -- typically,

8   about 11:15 a.m. -- **to review proposed criminal complaints or applications for**

9   **warrants**.  Attorneys or agents who cannot present their papers at this time must call

10   Ms. Garcia, <u>in advance</u>, at (510) 637-3639, to determine when the Magistrate Judge

11   will be available to consider their requests.

12

13

14                    **<u>Civil Matters</u>**

15

16   4.     **Civil matters may be placed on the Magistrate Judge's calendar only by his**

17   **administrative law clerk, who can be reached at (510) 637-3324.**  Before noticing

18   any matter on the Magistrate Judge's calendar, parties must reserve a specific date and

19   time with the administrative law clerk.  In most instances, civil law and motion matters

20   are heard on Wednesday afternoons.  Unless otherwise ordered in a particular matter,

21   motion practice is governed by the Civil Local Rules, which are available from the

22   Clerk's Office and on the court's internet site at:  http://www.cand.uscourts.gov.

23

24   5.     Except as noted in paragraph 6, below, **discovery disputes** will be handled

25   according to the provisions of the Civil Local Rules.  Specific questions about

26   situations not addressed by the Local Rules may be directed to the administrative law

27   clerk at (510) 637-3324.

28

6.    **If a dispute arises during a discovery event** the parties must attempt to resolve the matter without judicial intervention by conferring in good faith. If good faith negotiations between the parties fail to resolve the matter, and if disposition of the dispute during the discovery event likely would result in substantial savings of expense or time, counsel or a party may call the administrative law clerk at (510) 637-3324 to determine whether Magistrate Judge Brazil is available to address the problem through a telephone conference during the discovery event.

7.    After the <u>initial</u> case management conference, parties usually **may elect to appear by phone** at hearings or conferences in civil matters that do not involve the taking of evidence or settlement negotiations. A party who wishes to appear by phone must secure permission in advance from Judge Brazil's administrative law clerk. If more than one party will appear by phone, the clerk will designate the party whose counsel must initiate the conference call, get all parties on the line, then call the court's **conference line at (510) 637-3326** at the time noticed for the appearance.

8.    All filings related to civil motions <u>referred</u> to Magistrate Judge Brazil (i.e., motions in cases assigned for trial to another judge) must **set forth in the caption** or prominently at the beginning of the filing the **civil case number and the District Judge's initials followed by the designation "(WDB)".**

9.    When **motions** have been **referred** to Judge Brazil **by a District Judge who sits in San Francisco** the parties must file the original and a chambers copy of pertinent documents in the Clerk's Office in San Francisco but also **must deliver an additional copy directly to the Clerk's Office in Oakland for Judge Brazil.** See Civil Local Rule 5-1(b).

10.    <u>**In all "E-Filing" cases:**</u> when filing papers in connection with any motion for determination by the judge, if the length of the motion (or opposition) and supporting

1   documents exceeds ten pages, the parties must, in addition to filing papers
2   electronically, lodge with chambers a printed copy of the papers by the close of the
3   next court day following the day the papers are filed electronically. These printed
4   copies must be marked "Chambers Copy" and must be submitted to the Clerk's Office,
5   in an envelope clearly marked with the judge's name, case number and "E-Filing
6   Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's
7   Office that has already been filed electronically.

8

9   11.   Motions for **summary judgment** must be accompanied by a statement of the
10  material facts not in dispute, supported by citations to admissible evidence. The parties
11  must file a joint statement of undisputed facts where possible. If the parties are unable
12  to reach complete agreement after meeting and conferring, they must file a joint
13  statement of the undisputed facts about which they do agree. Any party may then file
14  a separate statement of the additional material facts that the party contends are not
15  subject to genuine dispute.

16

17  12.   **Unless specifically requested, the court does not provide a court reporter for**
18  **most pre-trial proceedings.** The court records the proceedings on audiotape, a copy
19  of which may be obtained by submitting a request to the clerk's office, accompanied
20  by a check for $26.00 payable to the District Court. Each such request must include
21  the title and number of the case, as well as the date and time of the proceeding for
22  which a copy of the tape is requested.

23      **A party who wishes to have a court reporter present for a pretrial**
24  **proceeding in a civil matter must notify Judge Brazil's administrative law clerk**
25  **(at 510-637-3324) at least two weeks before the date set for the proceeding.**

26

27  13.   Parties are reminded that most procedural questions are answered in the Federal
28  Rules of Civil Procedure, the Local Rules, or this Standing Order. Parties should not
    contact Chambers for answers to procedural questions without first carefully examining

4

1    the **current** provisions of these authorities.    Current versions of the Local Rules and

2    this    Standing    Order    are    published    on    the    Court's    internet    site    --

3    http://www.cand.uscourts.gov.

4

5                                    **Settlement Conferences**

6    14.    Scheduling:

7         A.    Settlement conferences hosted by Judge Brazil usually are held on

8               Monday, Tuesday, or Thursday afternoons beginning at either 1:00 p.m.

9               or 2:00 p.m.   Participants are to appear in Courtroom 4 on the third floor

10              of the United States Courthouse at 1301 Clay Street in Oakland, CA.

11        B.    To schedule a settlement conference, or to ask to move a settlement

12              conference already scheduled, counsel are to contact Judge Brazil's

13              Administrative Law Clerk by phone at (510) 637-3324.

14

15   15.   <u>Counsel Must Meet and Confer, In Person or by Phone, Before Preparing Their</u>

16         <u>Written Settlement Conference Statements.</u>

17              No fewer than <u>ten court days before the settlement conference</u>, counsel for the

18   anticipated participants must meet and confer (in person or voice to voice) to discuss

19   matters pertinent to improving the prospects that the settlement negotiations will be

20   productive.    In these discussions counsel may address any subjects they feel are

21   appropriate – but they <u>must discuss</u> the following:

22        A.    Who will attend the conference on behalf of each party, identifying the

23              lawyer and the client representative, as well as any other persons.

24        B.    Which persons or entities must approve a proposed settlement agreement

25              before it can be executed; the nature and duration of that approval

26              process; the standards or criteria generally applied in it; and any

27              foreseeable barriers to approval or special concerns that the approving

28              authority might want addressed.

                                         5

C.    Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; whether any insurer will have a representative at the settlement conference and, if so, the name of and position held by each such representative.

D.    Whether it would be useful for settlement demands and/or offers to be made before the settlement conference is convened; and whether the parties might want to consider "structured settlements" and, if so, whether experts in structuring settlements should develop proposals in advance and/or attend the conference.

E.    Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

F.    Whether one or more of the parties will ask that the negotiations include any non-monetary items and/or trades or payments in kind; if so, what any such non-monetary items would be (e.g., reinstatement of employment, a job-reassignment or promotion, retirement status or benefits, other fringe benefits, a letter of recommendation, an apology, a joint venture, a buy-out, a licensing agreement, providing products at no cost or discounts, a press release, etc.).

G.    Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel should be alerted to before the settlement conference.

16.    Confidential Written Settlement Conference Statements:

A.    Unless otherwise ordered, **no fewer than seven (7) court days before the settlement conference** each party must deliver to the office of the Clerk of the Court in Oakland (4th Floor, 1301 Clay Street) a **Confidential Settlement Conference Statement** that addresses all matters listed in

subparagraph C., below. **The caption must instruct the Clerk to lodge but not file the Statement.**

*Failure to timely submit a settlement conference statement may result in sanctions.*

B.   Parties are **not required to serve** other parties with copies of their Confidential Settlement Conference Statement.

C.   The **Confidential Settlement Conference Statement,** which may not exceed fifteen (15) pages of text and fifteen (15) pages of exhibits, **must include** the following:

(I)   a brief chronological statement of the facts of the case;

(ii)   a brief statement of the principal claims and defenses;

(iii)   a description of the major factual and legal issues that are in dispute;

(iv)   separately for each principal claim and defense, a forthright evaluation of the likelihood that the party submitting the Statement will prevail;

(v)   the bases for any damages calculations, and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands;

(vi)   a summary of the proceedings to date and a description of any pending motions;

(vii)   an estimate of the expenses and fees that are likely to be incurred in completing discovery, pretrial, and trial;

(viii)   a history of past settlement negotiations (without revealing communications whose disclosure to a settlement judge is prohibited), a description of the principal obstacles (factual, legal, or other) to reaching agreement, and the reasons the parties' assessments of the case's settlement value differ;

   (ix) each component of each party's most recently communicated settlement demand or offer (describing specifically any non-monetary terms that were demanded or offered);

   (x)  a settlement figure or terms that, given all the circumstances, is realistic and that the party submitting the Statement would consider seriously; and

   (xi) a brief discussion of any of the subjects identified in Section II of this Order that might be significant in the settlement dynamic.

17. Required Attendance at Settlement Conferences:

  A. <u>Lead trial counsel</u> must appear at the Settlement Conference with the <u>parties</u> <u>and</u> with the person or <u>persons having full authority to negotiate and to settle the case</u>.

  B. In all cases where an insurance company's agreement would be necessary to achieve a settlement, the <u>carrier's claims representative</u>, with **full authority** to negotiate up to the limits of coverage, also must attend the Settlement Conference.

  C. When a party's final authority to agree to terms of settlement is vested in a <u>governing body</u>, at least **seven (7) court days** before the conference counsel for that party must communicate in writing to Magistrate Judge Brazil and to counsel for other parties <u>how (through whom) the governing body will appear</u>. In addition, counsel must describe the procedure that would be followed in securing that body's consideration of proposed settlement terms.

  D. A person **seeking to be excused from appearing in person** at a settlement conference must deliver, **no fewer than seven (7) court days before the conference**, a letter to the Magistrate Judge, simultaneously delivering copies to all counsel. The letter must:

(I) explain in detail why attendance in person would impose an extraordinary or otherwise unjustifiable hardship;

(ii) explain why the fact that the person would not attend in person would have no adverse impact on the parties' and the court's ability to pursue and achieve the purposes of a settlement conference;

(iii) state realistically the amount in controversy in the case;

(iv) indicate whether the other parties oppose or do not oppose the request; and

(v) be accompanied by a proposed order.

E.    Within two (2) court days of receiving a copy of another person's request to be excused from attending a settlement conference in person, a party who opposes the request must deliver (by fax or otherwise) simultaneously to all other parties and to Magistrate Judge Brazil a writing that details the grounds for the objection.    Judge Brazil's fax number is 510-637-3327.

F.    **A party who is excused from appearing in person must** be available to **participate by telephone** throughout the conference. *Failure to be available for participation by phone for the full duration of the conference may result in imposition of sanctions.*

18.  Requests for Continuances:

A.    Any request to continue a settlement conference must be submitted in writing at least seven (7) court days in advance and only after consultation with all other parties.  The request must indicate whether it is joined or opposed by the other parties.

B.    If the date to which a continuance is sought would be past a deadline for holding the settlement conference that was set by the judge to whom the case is assigned for trial, the party seeking the continuance must secure permission from that judge to hold the settlement conference during the

9

1    proposed new time frame <u>before seeking the continuance from Magistrate</u>

2    <u>Judge Brazil</u>.  A writing evidencing the assigned judge's extension of the

3    deadline must accompany the party's request to Judge Brazil for the

4    continuance.

5

6  19.    Notification that Case Terminated Before Settlement Conference.

7        The parties must notify Judge Brazil's administrative law clerk immediately if

8  they settle their case or it is otherwise terminated before the date set for the settlement

9  conference.

10  IT IS SO ORDERED.

11  Dated: 11/18/03

12                                        WAYNE D. BRAZIL
                                        United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.     <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.     <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

-1-

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   CHRISTINE JONES and MARK A. JONES,

No. 07-6146 WDB

10          Plaintiffs,

JUDICIAL REFERRAL
FOR PURPOSE OF
DETERMINING
RELATIONSHIP OF
CASES

11      v.

12   CALIFORNIA DEPARTMENT OF CORRECTIONS,
     et al.,

13          Defendants.

14   ————————————————————————/

15

16      Pursuant to Civil L.R. 3-12(c), this Court, *sua sponte*, refers

17   the above-captioned case to Chief Judge Vaughn R. Walker to

18   consider whether this case is related to case C 06-4162 VRW, in

19   which Plaintiff Mark A. Jones also is a party.  The Parties shall

20   file any response in opposition to or in support of relating the

21   cases within five (5) days of the filing date of this Order.

22

23   Dated __12/10/07__

24                                        WAYNE D. BRAZIL
                                          United States Magistrate Judge
25
26
27
28

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINE JONES and MARK JONES

          Plaintiffs,

   v.

CA DEPT. OF CORRECTIONS et al,

          Defendants.

_____/

Case Number:  07-06146 WDB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 12, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christine Jones
333 N. McDowell 242A
Petaluma, CA 94954

Mark Jones
333 N. McDowell 242A
Petaluma, CA 94954

Dated:  December 12, 2007

*Sarah Weinstein*

Richard W. Wieking, Clerk
By: Sarah Weinstein, Deputy Clerk/Law Clerk